Judge Grimke
delivered the opinion of the court:
This is an application by a defendant in ejectment, under the* act for the relief of occupying claimants. Both parties deduce title from Andrew Dougherty, against whom a judgment was rendered in 1822. In 1824, an execution issued, and a levy was made on the land; and in 1831, the lessor of the plaintiff, became the purchaser. On December 12, 1826, Dougherty, the judgment debtor, conveyed to the defendant. Is the latter entitled to compensation for improvements? The act declares that he shall have the benefit of all improvements made before receiving actual notice, by the commencement of an adverse suit. And if the right only depended *upon this part of the statute, perhaps it would be difficult to deny him relief. At any rate, it is unnecessary to examine, whether this is to be deemed an adverse suit. Eor there is another provision in the law, which declares that “ a purchaser having obtained title without any fraud or collusion on' his part shall not be turned out of possession without being paid for improvements.” A judgment, where no scire facias is necessary, and, except as between different judgment creditors, is a perpetual' lien on the land of the debtor; only, it is presumed, like a bond at common law, to be paid after a lapse of twenty years. It is, to be sure, a general, and, not like a mortgage, a specific lien on the land. But when this judgment was followed up by an execution, and an actual levy on the land of the debtor, no one, who-afterward received a conveyance from him, could be considered a-purchaser in good faith. It is true a levy on land does not, like a levy on goods, divest the debtor of his property, but it is such a decisive and unequivocal act leading to this result, that no one could mistake it, and no one purchasing afterward can be said to be absolutely exempt from fraud and collusion. The case in 5 Ohio, 398, is a peculiar one, and does not authorize the application in this case.
The defendant also holds under a sale for taxes; but, I suppose,., he does not place much reliance on this part of his case; for the *483 thirty-five acre certificate was produced eight mouths, and the one hundred acre certificate, five years, after the date of his deed.
Application rejected.